UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-cr-166-GZS |
| | ) | |
| DAVID GOYETTE, | ) | |
| | ) | |
| *Defendant* | ) | |

## *RECOMMENDED DECISION ON DEFENDANT'S MOTION TO SUPPRESS*

The defendant, David Goyette, has filed a motion to suppress evidence obtained as a result of wiretaps in this action in which he is charged with multiple counts of distribution of cocaine base and distribution of cocaine, as well as conspiracy to distribute and possess with intent to distribute both cocaine and cocaine base, and possession with intent to distribute cocaine. Indictment (ECF No. 3). I recommend that the court deny the motion.

The defendant contends that the court's order authorizing interception of his wire, oral, or electronic communications was improvidently granted, because the affidavit submitted in support of the application for the order was not minimally adequate. Motion to Suppress Wiretap Evidence ("Wiretap Motion") (ECF No. 29) at 1-3.

### I. Applicable Legal Standard

An application for an order authorizing interception of wire communications must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This requirement "was designed to assure wiretapping is not resorted to in situations where the traditional investigative techniques would suffice to expose the crime."

1

*United States v. Rivera-Rosario*, 300 F.3d 1, 18 (1st Cir. 2002). The government is not required to show that all other investigatory methods have been completely unsuccessful, nor to exhaust every conceivable alternative before resorting to electronic surveillance. *Id*. at 19. A court reviewing an order authorizing a wiretap must determine whether the facts set forth in the supporting affidavit are "minimally adequate" to support the issuing judge's findings. *Id*. at 19 n.23.

When such an affidavit is challenged, the government must show "that it has made a reasonable, good faith effort to run the gamut of normal investigative procedures before resorting to means so intrusive as electronic interception of telephone calls." *United States v. López*, 300 F.3d 46, 52 (1st Cir. 2002) (citation and internal quotation marks omitted). The court should consider the nature of the alleged crimes and may give weight to the opinions of investigating agents that, under the applicable circumstances, other means of investigation would be too dangerous or counterproductive. *In re Dunn*, 507 F.2d 195, 197 (1st Cir. 1974).

## II. Discussion

### A. Necessity

The defendant contends that the government had the following information before it sought permission to conduct the wiretap at issue and that this information was sufficient to require the court to deny the government's request:

> [B]etween August of 2011 and May of 2013 . . . agents . . . had obtained a wealth of information from multiple sources as to the names of individuals involved with [the defendant] in the buying and selling of illegal drugs, the quantities [the defendant] dealt in, the vehicles [the defendant] operated and the identity of the source of his illegal drugs.
>
> [A]gents had conducted numerous controlled buys, obtained license plate numbers and identified the names of individuals routinely involved with [the defendant].

They . . . had information that [the defendant] received his drugs from an individual by the name of Brian Wilkerson, who resides in Massachusetts.

[T]hey had identified Larando Sweeting, Jerry Thibodeau, Nicholas Morrissette, Patricia Bennett, Donald Montminy, Ricky Younf, Larissa Fickett and Steven Ashmore[] as individuals involved in either the purchase or sale of illegal drugs, along with [the defendant].

[A]gents had obtained license plate numbers, names and cell phone numbers for many of the individuals involved with [the defendant].

[T]hey had allegedly conducted a number of controlled buys of cocaine and crack from [the defendant.]

Agents also had recorded phone calls and text messages implicating [the defendant] in the crimes.

[T]he Government had at least eight people that the Government found reliable providing them with information related to [the defendant] and his cohorts, at least one of whom was aware of [the defendant's] alleged supplier.

[The defendant] also allowed at least one informant to visit with him and meet [the defendant's] confidantes at [the defendant's] residence.

[A]gents had also conducted normal surveillance of [the defendant] and his residence for almost two years[.]

[M]ost, if not all, of [the defendant's] actions occurred right at or in the immediate vicinity of his residence[.]

Even when [the defendant] rarely left his residence to conduct transactions, agents were able to observe him get into vehicles and were able to follow him for a short distance, while he conducted the transaction.

[I]n the controlled buy on May 4, 2013, . . . the informant went into [the defendant's] residence and detailed with specificity how and where [the defendant] had stored and produced the drugs.

[O]n April 18, 2013 . . ., another informant went into [the defendant's] residence to purchase drugs from [the defendant] and debriefed the agents on [the defendant's] actions on that occasion.

[A]gents did report that the pole camera did provide good footage of the street and vehicular traffic and discovery shows that the camera

3

>allowed them to identify individuals visiting [the defendant] and to obtain license plate numbers and vehicle descriptions.

Wiretap Motion at 2-7.

The government responds that the affidavit of Task Force Agent Brown that was submitted in support of the application for approval of a wiretap outlined sufficient key areas of evidence that were then "undeveloped." Government's Memorandum of Law in Opposition to Defendant's Motion to Suppress Wire Intercepts ("Wiretap Opposition") (ECF No. 42) at 5. It lists the following undeveloped areas:

1. How and when the defendant obtained additional supplies or the location at which he received deliveries.

2. The locations at which the defendant stored the drugs and drug proceeds.

3. The full extent of the participation of all of the participants in the conspiracy.

4. The dates, times, and places of commission of acts of drug trafficking and money laundering, including how and when the defendant disposed of his drug proceeds.

5. Sufficient information to charge and convict Wilkerson.

*Id*.

The Brown affidavit lists the specific limitations of the confidential sources available to the investigators at the time of the application. Affidavit in Support of Application for Authorization to Intercept Wire and Electronic Communications ("Brown Aff.") (ECF No. 1-3 in Case No. 2:13-mc-102-GZS) ¶¶ 97-99. It explains why the specific information listed by the defendant and quoted above was insufficient for purposes of the investigation. *Id*. ¶¶ 17-19 (describing scope of investigation and listing nine targets, including the defendant); ¶¶ 92-102 (detailing gaps in information obtained and methods used to obtain information, as well as need for interception of specific communications); ¶¶ 103-14 (describing use of surveillance, pen

register, and GPS tracking and limitations of each method); ¶¶ 117-24 (describing why interviews, examination of trash, and use of search warrants would be counterproductive or not likely to generate useful information); and ¶¶ 125-29 (describing limited financial information that had been gathered). This is certainly sufficient to demonstrate that the government "made a reasonable, good faith effort to investigate without the intercept, taking into account all of the pertinent circumstances[.]" *United States v. David*, 940 F.2d 722, 729 (1st Cir. 1991). *See also López*, 300 F.3d at 53-54 (describing similar affidavit found sufficient); *United States v. Bennett*, 219 F.3d 1117, 1121-22 (9th Cir. 2000) (describing similar range of investigative activities undertaken before wiretap application was approved).

It is important to note here that the investigation was focused on a drug dealing conspiracy; the defendant was not the only target of the investigation. If wiretaps of communications involving a specific individual cannot be authorized once investigators have obtained "enough information against [that individual] to charge him . . . with drug trafficking" and "to obtain search warrants" related to that individual, Motion at 3-4, a proposition for which the defendant cites no authority, investigation of potential illegal conspiracies, at least through the interception of communications, would be severely hampered. In such circumstances, a focus on the individual defendant to evaluate a wiretap order is inappropriate. *See, e.g., United States v. Jackson*, 345 F.3d 638, 645 (8th Cir. 2003); *United States v. Mandell*, Case No. 12 CR 842, 2013 WL 6254151, at *6 (N.D. Ill. Dec. 2, 2013) (rejecting arguments made by defendant here); *United States v. Alfredo*, No. 12CR2414 WQH, 2013 WL 5674839, at *4 (S.D. Cal. Oct. 17, 2013); *United States v. Chavez*, No. 12-CR-241-IEG, 2013 WL 692097, at *4 (S.D. Cal. Feb. 25, 2013).

Another justification for continued investigation, including wiretaps, under the circumstances of this case that was not mentioned by the defendant is the need to obtain

5

corroborating evidence to defend against certain attempts to impeach the reports and/or testimony of confidential sources. *See, e.g., Bennett*, 219 F.3d at 1122-23 (informant's credibility as paid government informant would be under attack and therefore required further corroborating evidence); *United States v. Kelley*, 140 F.3d 596, 605-06 (5th Cir. 1998); *United States v. Guerra-Marez*, 928 F.2d 665, 671 (5th Cir. 1991).

The defendant is not entitled to suppression of the information obtained as a result of the approved wiretap interceptions on the basis of a lack of necessity.

### B. Minimization

The governing statute also requires that "[e]very order and extension thereof shall contain a provision that the authorization to intercept . . . shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception [.]" 18 U.S.C. 2518(5). The defendant contends that all evidence gained from the wiretaps must be suppressed because the government violated this requirement with respect to six specific telephone calls. Wiretap Motion at 8-10.

The appropriate inquiry for a reviewing court is "whether the minimization effort was managed reasonably in light of the totality of the circumstances." *United States v. Charles*, 213 F.3d 10, 22 (1st Cir. 2000). The investigators set out a detailed plan to minimize interception of communications not subject to the requested authorization. Brown Aff. ¶¶ 132-40. The government addresses each of the six calls identified by the defendant as follows.

Call 126 was an eight-minute call in which the defendant spoke with a representative of his telephone service provider about getting a new telephone number. Wiretap Opposition at 14. The defendant asserts that "[t]here was clearly no need to monitor this call for eight minutes to determine it was not relevant to the drug transactions." Wiretap Motion at 10. The government

responds that the agents monitored the entire call "in case [the defendant] obtained a new telephone number." Wiretap Opposition at 14. I agree that, should the defendant have obtained a new number, that fact was "highly relevant" to the investigation of a drug conspiracy that did much of its business over the defendant's telephone, and that fact could not be determined without monitoring the entire conversation. There was no minimization violation during this call.

The defendant next challenges Calls 358 and 360, in which, he asserts, he "was inquiring about apartments," as "monitored but irrelevant." Wiretap Motion at 10. The government responds that these calls, which lasted one minute and 18 seconds and 51 seconds respectively, could have concerned the defendant's efforts to establish new locations in which to distribute drugs and were also relevant because they might have revealed how the defendant proposed to pay rent for the apartments. Wiretap Opposition at 14. Challenged calls should be evaluated in the context of the entire authorized wiretap rather than on a call-by-call basis, *Charles*, 213 F.3d at 22, and the government's response illustrates that point. In addition, the short duration of these two calls makes it unlikely that the statutory minimization requirement was violated. *See, e.g., Untied States v. De La Cruz Suarez*, 601 F.3d 1202, 1215 (11th Cir. 2010) ("Conversations lasting less than two minutes are considered too brief to identify the caller and characterize the conversation as merely social or possibly tainted." (Citation and internal quotation marks omitted).); *United States v. Mansoori*, 304 F.3d 635, 647-48 (7th Cir. 2002) (listing cases in which "[a] number of other courts have found that two to three minutes is a reasonable period of time within which to make an initial judgment as to the pertinence of a conversation."). The monitoring of these calls has not been shown to have violated the minimization requirement.

The remaining three challenged calls, numbers 361, 409, and 481 all lasted less than the duration found harmless in the cases cited above: 55 seconds, one minute eight seconds, and two

minutes, respectively. Wiretap Opposition at 14-15. The defendant characterizes the calls as "calls to Play it Again Sports, ordering a cab, and ordering food for over three minutes[,]" Wiretap Motion at 10.

In addition, the government asserts that the call to Play it Again Sports involved a discussion about the defendant "acquiring additional exercise equipment[,]" and that it "provided information as to where he was going to spend his money buying more equipment" for his "extensive" collection of gym equipment. It contends that the call to order a cab was relevant "because it indicates [the defendant's] present location and where he intended to travel." Finally, the government asserts that its monitoring of the call in which the defendant placed an order with a local restaurant was not a violation because the agent knew that the defendant had conducted at least one drug transaction in the vicinity of that establishment and "wanted to learn if and when [the defendant] would pick up this order in case [it] coincided with a possible drug transaction." Wiretap Opposition at 14-15.

The short duration of these calls makes them unavailable to the defendant as evidence of violation of the minimization requirement, and certainly as evidence justifying the wholesale exclusion of evidence obtained from other intercepted calls. *See Charles*, 213 F.3d at 23 (single minimization error did not constitute "taint upon the investigation as a whole sufficient to warrant the sweeping relief" of suppression of all evidence obtained from wiretap). Even if Call 481 lasted "over three minutes," as the defendant contends, Wiretap Motion at 10, instead of the "approximate two minute[s]" stated by the government, Wiretap Opposition at 15, the agent's explanation for the monitoring establishes that there was no minimization error. I note as well that the appropriate remedy, had there been error, would be exclusion of this call from evidence rather than suppression

of all wiretap evidence, and, on the showing made, any evidence obtained as a result of the call would not constitute a significant factor in the government's case against the defendant.

### III. Conclusion

For the foregoing reasons, I recommend that the defendant's motion to suppress wiretap evidence be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of May, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge