UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID GOYETTE,                        )
                                      )
          Petitioner,                 )
                                      )
     v.                               )     2:13-cr-00166-GZS-1
                                      )     2:16-cv-00350-GZS
                                      )
UNITED STATES OF AMERICA,             )
                                      )
          Respondent                  )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner David Goyette moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.[1] (Motion, ECF No. 102.)  In February 2015, following a guilty plea, Petitioner was convicted of drug conspiracy and possession offenses, and the Court sentenced him to 170 months in prison.  (Judgment, ECF No. 97 at 1-2; Indictment, ECF No. 3.)  Petitioner did not appeal from the conviction or the sentence.

Petitioner argues that he is entitled to relief based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015).  (Motion at 1.)  As part of his motion, he also requests an extension of time to file "Motions for Violation of Constitutional Rights."  (*Id.*)  In its response, the Government argues that *Johnson* does not apply.  (Response, ECF No. 106 at 4.)

---

[1] Petitioner cites to both 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). (Motion, ECF No. 102 at 1.)  Section 3582(c)(2) applies to defendants "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  Petitioner's sentencing range has not been lowered following his February 2015 sentencing, and therefore section 3582(c)(2) does not apply.

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in October 2013 on ten counts, and in August 2014 he pled guilty to two of the counts: Count 1, for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; and Count 10, for possession with intent to distribute 500 grams or more of cocaine, pursuant to section 841(a)(1), (b)(1)(B). (Indictment at 1; Minute Entry on Plea Hearing, ECF No 73.)  The remainder of the counts, which alleged that Petitioner distributed cocaine or cocaine base on particular dates, were dismissed on the Government's motion.  (Indictment at 1-2; Judgment at 1.)

At Petitioner's sentencing hearing, the Court calculated the sentencing guidelines range as follows:  the base offense level was 30, pursuant to USSG § 2D1.1(c), based on a drug quantity of between five and fifteen kilograms of cocaine; two levels were added, pursuant to USSG § 2D1.1(b)(15)(E), because Petitioner had an aggravating role in the offense and committed the offense as part of a pattern of criminal conduct Petitioner engaged in as a livelihood; three levels were added, pursuant to USSG § 3B1.1(b), because Petitioner had a managerial or supervisory role in criminal activity that involved five or more participants or was otherwise extensive; and three levels were subtracted, pursuant to USSG § 3E1.1(a), (b), for acceptance of responsibility.  (Sentencing Tr., ECF No. 101

at 28-29.)  Petitioner's total offense level was 32, and his criminal history was category IV, resulting in an advisory guidelines range of 168 to 210 months.  (*Id.* at 29.)

The Court then considered all of the sentencing factors, pursuant to 18 U.S.C. § 3553(a), and focused particularly on the nature and circumstances of the offense, Petitioner's history, the seriousness of the offense, the need for just punishment, the need for deterrence, and the need to protect the public.  (*Id.*)  The Court sentenced Petitioner to 170 months on each of the two counts, to be served concurrently, followed by a term of five years of supervised release on each count, to be served concurrently.  (Sentencing Tr. at 35; Judgment at 2-3.)

Petitioner dated his section 2255 motion June 21, 2016, and it was filed on June 27, 2016.[2]  (Motion at 1.)

## II.    DISCUSSION

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

---

[2] Petitioner's motion does not contain a declaration that Petitioner makes the allegations under penalty of perjury, pursuant to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires that the section 2255 motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." *See* 28 U.S.C. § 1746. This recommended decision assumes, without recommending a decision on the issue, that the Court would permit Petitioner to file a copy that contained the required declaration.

A section 2255 motion must be filed timely under one of several subsections of section 2255(f).[3]  The two at issue in this case are subsections 2255(f)(1) and (f)(3), as Petitioner's allegations do not raise an issue under any of the other subsections.

Petitioner did not appeal from his conviction or sentence, and therefore, for purposes of section 2255(f)(1), the judgment became final 14 days after the February 25, 2015, judgment.  *See* Fed. R. App. P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").  Because Petitioner did not submit his section 2255 motion until June 21, 2016, the motion was not filed within one year of the date the judgment was final, pursuant to section 2255(f)(1).

The First Circuit has held "that section 2255(f) is non-jurisdictional" and that the one-year limitation period "is subject to equitable tolling in appropriate instances."

---

[3] Title 28 U.S.C. § 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011).   A petitioner has the burden to establish equitable tolling; "[t]o carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"   *Id.* at 323 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted)).

Petitioner argues that he is entitled to equitable tolling of the one-year limitation period under section 2255(f)(1), because he was moved several times over that period. (Motion at 1.)   The Government represents, based on an email communication between counsel for the Government and the United States Marshall Service, that Petitioner's allegation is incorrect, and that Petitioner was at a single Bureau of Prisons facility from March 23, 2015, to May 31, 2016.  (Response at 2-3; Attachment, ECF No. 106-1.)

Petitioner did not provide any record evidence to support his assertion that he spent significant time in transit, nor did he file a reply in response to the Government's representation that he was not in transit from March 2015 to May 2016.   Petitioner's assertion is vague and conclusory.  *See David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998) (noting that a petitioner "is not automatically entitled to a hearing and normally should not receive one if his allegations are 'vague, conclusory, or palpably incredible'") (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).  Because Petitioner has failed to demonstrate either that he pursued his rights diligently or that something extraordinary prevented him from timely filing his section 2255 motion, he is not entitled

to equitable tolling.  *See Ramos-Martínez*, 638 F.3d at 323.  Accordingly, any claims he

attempts to assert pursuant to section 2255(f)(1) are precluded.[4]

The limitation period set forth in section 2255(f)(3) applies to his claim for relief

under *Johnson*, because the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257,

1268 (2016), that "*Johnson* announced a substantive rule that has retroactive effect in cases

on collateral review."  Petitioner apparently placed the section 2255 motion in the prison

mailing system within one year of the Supreme Court's June 26, 2015, decision in *Johnson*,

as required under section 2255(f)(3).  (Motion at 1.)  *See* Rule 3(d), Rules Governing

Section 2255 Proceedings.  Therefore, Petitioner's *Johnson* claim appears to have been

timely filed, pursuant to section 2255(f)(3).

In *Johnson*, the Supreme Court "struck down the 'residual clause' of the [Armed

Career Criminal Act, 18 U.S.C. § 924(e) (ACCA)] as unconstitutionally vague."[5]  *Pakala*

---

[4] The same equitable considerations govern Petitioner's request for an extension of time to file a section 2255 motion. *Green v. United States*, 260 F.3d 78, 82-83 (2nd Cir. 2001).  To the extent, therefore, Petitioner seeks additional time to file other section 2255 claims, Petitioner is not entitled to relief.

[5] In *Johnson v. United States*, 135 S. Ct. 2555, 2555-56 (2015), the Court explained:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. [18 U.S.C. § 922(g)]. In general, the law punishes violation of this ban by up to 10 years' imprisonment. [18 U.S.C. § 924(a)(2)]. But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States,* 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:
>
> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

*v. United States*, 804 F.3d 139, 139 (1st Cir. 2015) (per curiam).  In addition, in *Beckles v.*

*United States*, No. 15-8544, the Supreme Court is currently considering whether *Johnson*

applies retroactively to collateral cases challenging federal sentences enhanced under the

(now former) residual clause language set forth in USSG § 4B1.2(a)(2).  Petitioner,

however, was not sentenced under the residual clause of the ACCA or the corresponding

language in the sentencing guidelines.  Petitioner's sentence was not enhanced based on

the application of the residual clause.  Rather, Petitioner's advisory sentencing guidelines

range was enhanced because he had a supervisory role in the offense, and because he

engaged in a pattern of conduct as a livelihood.  In short, neither the Supreme Court's

decision in *Johnson*, nor any decision the Court makes in *Beckles*, provides Petitioner with

a basis for relief.

### III.   CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule

8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court

deny Petitioner's request for an extension of time, and deny Petitioner' motion for habeas

relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of

appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there

---

"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

The Court held that the residual clause is unconstitutionally vague.  *Id.* at 2557.

is no substantial showing of the denial of a constitutional right within the meaning of 28

U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of February, 2017.